ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| P.R. CLINICAL REFERENCE LABORATORY, INC.<br><br>Parte Recurrente<br><br>v.<br><br>LABORATORIO TERESITA, LLC<br><br>Parte Recurrida | TA2025RA00360 | *REVISIÓN ADMINISTRATIVA* procedente de la Secretaría Auxiliar para la regulación de la Salud Pública del Departamento de Salud<br><br>Caso Núm.: Q-25-06-010 (CVT)<br><br>Sobre: Incumplimiento con la Ley y la Reglamentación |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece la parte recurrente, P.R. Clinical Reference Laboratory, Inc. (parte recurrente), y nos solicita que revoquemos una resolución emitida por la Oficial Examinadora de la División de Vistas Administrativas de la Secretaría Auxiliar para la Regulación de la Salud Pública (SARSP) del Departamento de Salud, emitida y notificada el 8 de octubre de 2025. Mediante el referido dictamen, la SARSP denegó un remedio provisional a la parte recurrente sobre un anuncio de Laboratorio Teresita, LLC (parte recurrida) sobre ofrecimiento actual y futuro de servicios de laboratorio clínico.

Por las razones que expondremos a continuación, desestimamos el recurso por constituir cosa juzgada.

**I.**

Según surge del expediente ante nuestra consideración, el 17 de junio de 2025, la parte recurrente presentó una Querella ante la División de Vistas Administrativas de la SARSP del Departamento

de Salud en contra de la parte recurrida. Alegó, que la parte recurrida obtuvo ilegalmente su certificado de necesidad y conveniencia emitido por el Departamento de Salud. En consecuencia, solicitó paralizar las actividades de la parte recurrida, que se le revocara el certificado de necesidad y conveniencia y se le impusieran severas multas.

Luego de varias incidencias procesales, innecesarias pormenorizar, el foro administrativo citó a las partes el 25 de septiembre de 2025, para la celebración de una vista argumentativa sobre la solicitud de remedio provisional. Celebrada la misma, mediante la *Resolución* recurrida del 8 de octubre de 2025, la agencia denegó el remedio provisional.

Inconforme con su determinación, el 17 de octubre de 2025, la parte recurrente solicitó la reconsideración, la cual fue declarada *No Ha Lugar* por el Departamento de Salud el 21 de octubre de 2025.

Aun en desacuerdo, la parte recurrente presentó el 20 de noviembre de 2025 un recurso de revisión administrativa alegando la comisión de los siguientes errores:

> **ERRÓ LA OFICIAL EXAMINADORA AL DETERMINAR QUE EL LABORATORIO TERESITA, LLC PUEDE ANUNCIAR UNA "PRONTA APERTURA" DE UN LABORATORIO CLÍNICO EN UNA LOCALIDAD PARA LA CUAL NO POSEE UN CNC PARA OPERAR EMITIDO POR EL DEPARTAMENTO DE SALUD.**
>
> **ERRÓ LA OFICIAL EXAMINADORA AL DETERMINAR QUE EL LABORATORIO TERESITA, LLC PUEDE ANUNCIARSE COMO LABORATORIO CLÍNICO QUE "OFRECEMOS SERVICIOS AL HOGAR!" EN UNA LOCALIDAD PARA LA CUAL NO POSEE UN CNC PARA OPERAR EMITIDO POR EL DEPARTAMENTO DE SALUD.**

Así las cosas, el 16 de diciembre de 2025, la parte recurrida presentó una solicitud de desestimación en la cual alegó que los planteamientos presentados en este caso ya fueron adjudicados mediante Sentencia por un panel hermano de este Tribunal de

Apelaciones, en un recurso idéntico entre las mismas partes, por lo que resulta aplicable la doctrina de cosa juzgada.

### A. Cosa juzgada

La doctrina de cosa juzgada tiene el propósito de finalizar los litigios que fueron adjudicados de forma definitiva y, de este modo, "garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes". *Presidential v. Transcaribe*, 186 DPR 263, 273-274 (2012); *PR Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 151 (2008). Así, esta defensa tiene el efecto de evitar que se relitiguen asuntos que fueron o que pudieron litigarse y adjudicarse en el pleito anterior. *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). Según ha resuelto el Tribunal Supremo de Puerto Rico, "la presunción de cosa juzgada sólo tendrá efecto si existe la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron". *Presidential v. Transcaribe, supra,* pág. 274.

El requisito de la identidad de cosas significa que el segundo pleito versa sobre el mismo asunto adjudicado en el primer pleito, aunque las cosas se hayan disminuido o alterado. *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 220 (1992). Es decir, existe identidad de las cosas "cuando un juez, al hacer una determinación, se expone a contradecir el derecho afirmado en una decisión anterior". *Presidential v. Transcaribe, supra,* págs. 274-275. Sobre el particular, hay que evaluar no sólo la cosa sobre la cual se origina la controversia, sino también el planteamiento jurídico que se genera en torno a ella". Íd., pág. 275.

En cuanto al requisito de identidad de las causas, existe cuando los hechos y fundamentos de las peticiones son idénticos en lo que afecta la cuestión planteada. Íd. En otras palabras, al determinar si existe identidad de causas debemos analizar si ambas

reclamaciones se basan en la misma transacción o núcleo de hechos. Íd. Por otro lado, este requisito "exige que la parte demandante acumule en un pleito todas las posibles teorías legales en virtud de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales". *Martínez Díaz v. ELA,* 182 DPR 580, 586 (2011). Lo anterior, ya que el efecto de cosa juzgada aplica no solamente a las reclamaciones alegadas en la demanda, sino también a todas aquellas que pudieron acumularse. Íd.

"Aun estando presentes los componentes necesarios para que la doctrina de cosa juzgada surta efecto, la referida figura legal no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso". *Beníquez et al. v. Vargas,* 184 DPR 210, 224 (2012). "[L]a sentencia anterior es concluyente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior." *Beníquez et al. v. Vargas, supra,* págs. 225-226.

Así pues, la doctrina de cosa juzgada es lo ya resuelto por el tribunal competente, lo cual tiene el propósito de impartir finalidad a los dictámenes judiciales. *Casco Sales v. Mun. de Barranquitas,* 172 DPR 825, 833 (2007). Sin embargo, no procede aplicar de forma inflexible la doctrina de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público. *Parrilla v. Rodríguez, supra,* pág. 270; *Pérez v. Bauzá,* 83 DPR 220 (1961).

De otro lado, nuestro máximo Foro ha reconocido otra modalidad de cosa juzgada, conocida como la figura jurídica de impedimento colateral por sentencia. *PR Wire Prod. v. C. Crespo & Assoc., supra.* Véase, además, *A & P Gen. Contractors v. Asoc. Caná,*

110 DPR 753 (1981). La misma surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. *MAPFRE v. ELA*, 209 DPR 910 (2022); *PR Wire Prod. v. C. Crespo & Assoc., supra.* Por lo tanto, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. Íd.

Así pues, el impedimento colateral por sentencia impide que se litigue en un pleito posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *PR Wire Prod. v. C. Crespo & Assoc., supra.* No obstante, a diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas. Íd. Esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. Íd.

Al igual que la doctrina de cosa juzgada, el propósito de la figura de impedimento colateral por sentencia es promover la economía procesal y judicial, y amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *PR Wire Prod. v. C. Crespo & Assoc., supra.*

**II.**

El 20 de noviembre de 2025, a las 10:42 pm la parte recurrente presentó el recurso ante nuestra consideración al cual se le asignó el alfanumérico TA2025RA00360. En adición, en esa misma fecha a las 11:07 pm presentó un segundo recurso idéntico al anterior, al cual se le asignó el alfanumérico TA2025RA00361. Así las cosas, el 11 de diciembre de 2025, un Panel Hermano de este Tribunal emitió Sentencia en el caso TA2025RA00361.

Según el derecho que antecede, la defensa de cosa juzgada tiene el efecto de evitar que se relitiguen asuntos que fueron adjudicados en un pleito anterior si existe la más perfecta identidad

de las cosas, causas, las personas de los litigantes y la calidad en que lo fueron. En lo pertinente, el caso TA2025RA00360 versa sobre el mismo asunto adjudicado en el caso TA2025RA00361. Los señalamientos de error y la *Resolución* recurrida son idénticos. De igual forma, los hechos y fundamentos de ambos recursos son idénticos y existe una perfecta identidad de la parte recurrente y la parte recurrida.

En atención a lo anterior, debemos concluir que entre los casos TA2025RA00360 y TA2025RA00361 están los componentes necesarios para que aplique la doctrina de cosa juzgada. Por lo tanto, procede la desestimación del presente recurso.

**III.**

Por los fundamentos que anteceden, los que hacemos formar parte del presente dictamen, desestimamos el presente recurso de revisión administrativa por constituir cosa juzgada en el caso TA2025RA00361.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones